IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

 vs.                                                         CRIMINAL NO. 97-265 RLP

ALICIA MILLAN de LOPEZ,

    Defendant.

## MEMORANDUM OPINION AND ORDER

THIS MATTER comes before the Court on Defendant's Motion to Reconsider Denial of Motion for Judgment of Acquittal or in the Alternative, for a New Trial filed on February 5, 1998 **(Docket No. 46)**, the Court having read said motion, the memoranda in support of and in opposition to said motion, and otherwise being fully advised, finds that the motion is not well taken and shall be **denied.**

The defendant moves for reconsideration of this Court's Memorandum Opinion and Order entered on January 22, 1998 denying her Motion for a Judgment of Acquittal or in the Alternative, for a New Trial based on the newly discovered evidence of Paul Charo's recollection that no international sign indicating that weapons are not allowed on the premises was posted at the Roswell U.S. Courthouse and Federal Building on or before March 24, 1997.  The Court has reviewed its prior Memorandum Opinion and Order as well as Mr. Charo's affidavit submitted as an addendum to Defendant's Motion to Reconsider Denial of Motion for Judgment of Acquittal.  Insofar, as the motion for reconsideration is concerned, Mr. Charo's testimony would have no impact on this Court's reconsideration of its denial of Defendant's Motion for a Judgment of Acquittal.  This Court

must view the evidence, both direct and circumstantial, together with reasonable inferences to be drawn from the evidence in the light most favorable to the government, and decide whether the evidence would establish each element of the crime alleged beyond a reasonable doubt.  *United States v. Evans,* 42 F.3d 586, 589 (10th Cir. 1994).  Mr. Charo's testimony would not be relevant to establishing an element of the offense, rather, it would be relevant only to the affirmative defense that the defendant was not placed on notice that weapons were not permitted in this federal building.  Therefore, the defendant has not submitted anything new and relevant that would cause me to re-evaluate my prior opinion denying the Defendant's Motion for a Judgment of Acquittal.  Therefore, the Motion to Reconsider Denial of Motion for Judgment of Acquittal is **denied.**

  The Motion for a New Trial is based completely on the newly discovered evidence that Paul Charo, to the best of his recollection, states no international sign indicating weapons were prohibited in the Roswell Federal Building were posted on or before March 24, 1997.  As established in the government's opposition papers, the FBI interviewed six witnesses, all of whom were involved in providing security for the Federal Building in Roswell, New Mexico.  No witness corroborated Mr. Charo's proffered testimony.  Hence, the Court needs to consider whether the proffered testimony by Mr. Charo stating ". . .to the best of my recollection, there was **no international sign,**" entitles the defendant to a new trial. Affidavit of Paul Charo ¶ 4.  A defendant is required to show, among other elements, that newly discovered evidence is of such a nature that in a new trial, it would probably produce an acquittal.  *United States v. Sinclair,* 109 F.3d 1527, 1531 (10th Cir. 1997).  In this case, the testimony of Mr. Charo, although it is not in agreement with the other witnesses, does not cause me to conclude that his testimony is of such a nature that in a new trial would probably

produce an acquittal. Therefore, the Defendant's Motion for a New Trial is **denied.**[1]

Therefore,

**IT IS ORDERED** that Defendant's Motion to Reconsider Denial of Motion for Judgment of Acquittal or in the Alternative, for a New Trial should be and hereby is, denied.

**IT IS SO ORDERED.**

Dated this 30th day of March, 1998.

_____
RICHARD L. PUGLISI
United States Magistrate Judge

Samuel L. Winder, Attorney for Plaintiff
Phillip Medrano, Attorney for Defendant

---

[1] The Court does not address the defendant's allegation there was a Brady violation. It is clear from the pleadings the government was not aware of Mr. Charo's allegation until after trial.